IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

J. D., by his Next Friends,
MARK AND TAMMY DAVIS,

        Plaintiff,

v.	CIVIL ACTION NO. 2:06-cv-00167

KANAWHA COUNTY BOARD OF EDUCATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Cynthia Evans's Motion to Intervene [Docket 129] and Motion to Reconsider [Docket 130]. Ms. Evans is the former counsel to the plaintiff in this case, Mark Davis. By her Motion to Intervene, Ms. Evans seeks to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a). Her Motion to Reconsider requests that the court reconsider its January 12, 2010 Order granting the plaintiff's Motion to Enforce Order. Ms. Evans does not state whether she seeks reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). As explained below, the Motion to Intervene is **GRANTED**. The Motion to Reconsider, however, is **DENIED**.

I will begin by addressing Ms. Evans's request to intervene. Federal Rule of Civil Procedure 24(a)(a) provides that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Regarding the type of interest required, the

Supreme Court has explained that "[w]hat is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971).

Here, Ms. Evans claims a significant protectable interest in the attorneys' fee award that the court ordered be paid directly to Mark Davis. Ms. Evans asserts that Mr. Davis owes her a substantial sum for her representation in the case, and that the court's order will deprive her of that money. This interest undoubtedly satisfies the requirements of Rule 24(a). Furthermore, existing parties do not adequately represent Ms. Evans's interest, as Mr. Davis and the defendant have interests separate and distinct from those of Ms. Evans. Therefore, Ms. Evans is entitled to intervene as a matter of right.

Next, I will address Ms. Evans's request that I reconsider my January 12, 2010 Order requiring the defendant to pay the attorneys' fee award directly to Mr. Davis. Ms. Evans contends that the court erred as a matter of law in concluding that attorneys' fees under the Individuals with Disabilities Education Act ("IDEA") belong to the plaintiff and not his lawyer. In support of her argument, Ms. Evans cites two cases: *Erickson v. Bd. of Ed. of Baltimore County*, 162 F.3d 289 (4th Cir. 1998), *amended and superseded by Doe v. Bd. of Ed. of Baltimore County*, 165 F.3d 260 (4th Cir. 1998), and *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010). Both cases, however, are inapplicable here.

In *Doe*, a disabled child, by and through his parents, sued the local board of education for failing to comply with the IDEA. The child was represented by his father, who was a lawyer. The child prevailed against the board, and his parents sought attorneys' fees. The district court denied the request, and the parents appealed.

The Fourth Circuit affirmed the district court's denial of an attorneys' fee award. The court began its analysis by explaining that *pro se* civil-rights plaintiffs are generally not entitled to attorneys' fees under 42 U.S.C. § 1988. The rationale, the court observed, is that civil-rights fee-shifting statutes are intended to encourage parties to retain counsel. Awarding fees to *pro se* plaintiffs, however, would discourage parties from retaining counsel. *Id.* at 262. Although an attorney-parent that represents his child is not appearing *pro se*, the court recognized, the same rationale applied in cases like *Doe*. Like *pro se* litigants, "attorney-parents are generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that reason, rather than emotion will dictate the conduct of the litigation." *Id.* at 263 (internal quotation marks omitted). Thus, "[t]o permit an attorney-parent to recover statutory fees for representing his child in IDEA proceedings is . . . not necessary to ensure a parent's efforts on behalf of his child, but might well lessen the chance that a disabled child would have the benefit of legal services from an independent third party." *Id.* at 264. Therefore, the court held, Doe's father was not entitled to recover attorneys' fees under the IDEA for the time he spent representing his son. *Id.* at 265.

The issue in *Doe* is readily distinguishable from this case. The issue in *Doe* was whether an attorney-parent who represents his own child in IDEA proceedings and prevails is entitled to attorneys' fees. The issue raised by Ms. Evans's and the defendant's actions, however, is whether an IDEA attorneys' fee award belongs to the prevailing party (Mr. Davis) or his lawyer (Ms. Evans). *Doe* is therefore inapplicable and not a ground for reconsideration.

Next, Ms. Evans relies on *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010). That case, too, is irrelevant here. The issue in *Sand* was whether the defendants' offer of judgment in an IDEA case included an attorneys' fee award. Interpreting the

-3-

language of the parties' agreement, the court concluded that it did not. The court's ruling did not bear on whether an attorneys' fee award belongs to the client or the lawyer; it merely differentiated an attorneys' fee award from a compensatory award.

Ms. Evans predicts that, in addition to erroneously interpreting the law, my Order will have catastrophic consequences. She argues that "it will systematically guarantee that no more disabled children in this State will be represented in the future because there will be no way for the attorney to recoup any of their time on the case if their client does not have an extra $100,000 to $200,000 up front to pay as a retainer." (Mem. Supp. Mot. Intervene 3-4.) I do not portend such a disaster.

The IDEA's attorneys' fee provision states that "the court . . . may award reasonable attorneys' fees as part of the costs to the prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Pursuant to this language, the fee award belongs to the prevailing party. The existence of a fee dispute between a party and his former counsel does not amend this statutory mandate.

Ms. Evans remains entitled to recover any attorneys' fees that are owed to her. If Ms. Evans believes that Mr. Davis still owes her payment, then she may pursue any necessary legal recourse against Mr. Davis in a separate action in the appropriate venue.

A motion for reconsideration is not a vehicle for persuading a court to change its mind. *See United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). Ms. Evans has provided no evidence that the court has erred as a matter of law or fact. Whether she seeks relief pursuant to Rule 59(e) of 60, Ms. Evans's request for reconsideration of the court's January 12, 2010 Order must be **DENIED**.

The Motion to Intervene [Docket 129] is **GRANTED**, and the Motion to Reconsider [Docket 130] is **DENIED**.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

      ENTER:      January 26, 2010

      Joseph R. Goodwin, Chief Judge